IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

NICOLE BARILLA, on Behalf of Herself
and Others Similarly Situated,

        Plaintiff,

    v.

SETERUS, INC.,

        Defendant.

**CLASS ACTION COMPLAINT**

AND DEMAND FOR JURY TRIAL

Nicole Barilla, ("Plaintiff"), on behalf of herself and all others similarly situated, files this Complaint against Seterus, Inc. ("Seterus" or "Defendant") and states:

**NATURE OF THE ACTION**

1. This is a consumer protection action brought by Plaintiff and others similarly situated to obtain redress from Seterus' systematic use of unlawful and unfair false ultimatums in its attempts to collect upon residential consumer mortgage loans alleged to be in default.

2. This action is being brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Florida Consumer Collection Practices Act ("FCCPA"), § 559.55 *et seq*., both of which were enacted to eliminate abusive debt collection practices by debt collectors.

3. Specifically, Seterus sends consumers form letters threatening that it **will** accelerate their mortgage loan unless the consumer's alleged default is fully cured prior to the expiration date set forth therein (hereinafter referred to as the "Florida Final Letter"). However, the acceleration threat contained in the Florida Final Letter contradicts Seterus' actual policy to **never** accelerate a loan so long as **any** payment sufficient to bring the loan less than 45 days delinquent is made prior to the expiration date.

1

4. By misrepresenting the conditions under which Seterus intends to accelerate mortgage loans, the Florida Final Letter creates a false sense of urgency, intimidates consumers into making payments to Seterus beyond what is necessary to avoid acceleration, and deprives consumers of the ability to make informed decisions in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* and the Florida Consumer Collection Practices Act, § 559.72 *et seq*.

5. This class action is filed pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all borrowers to whom Seterus has or will send one or more Florida Final Letters pursuant to Seterus' standardized policies and procedures during the applicable statute of limitations period in violation of Florida and/or Federal law as further set forth herein.

## JURISIDICTION AND VENUE

6.     The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). The matters in controversy in this action exceed $5,000,000.00 in statutory damages.

8.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in the district of Florida.

## PARTIES

9.     Plaintiff is a citizen and resident of Lee County, Florida.

10.     Seterus is a corporation organized and existing under and by virtue of the laws of the State of Delaware.

11.     Seterus frequently acts as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), including with regard to Plaintiff's mortgage loan because Seterus obtained the

servicing rights while in a state of default.

12.     Seterus is also a "Debt Collector" as defined by the FCCPA, Fla. Stat.   § 559.55(7) because the principal purpose of Seterus is the collection of debts and because it regularly collects or attempts to collect debts owed or due or asserted to be owed or due to another.

13.     Seterus is regularly engaged in the business of collecting debt in the State of Florida.

14.     The debt Seterus is seeking to recover from Plaintiff is a "consumer debt" as defined by the FCCPA, Florida Statutes, § 559.55(6).

15.     Seterus is a "person" subject to regulations under Fla. Stat. § 559.72.

16.     Plaintiff is a "consumer" as that term is defined by Fla. Stat. § 559.55(8).

17.     Seterus is a servicer of mortgages for residential housing loans owned, backed, or controlled by Fannie Mae.

18.     As a mortgage servicer, Seterus contracts with Fannie Mae to collect payments, fees, and other amounts owed by the home owner and to provide other "services" to investors relating to the home owner's loan.

19.     Seterus earns money based upon a percentage of the funds that it collects from consumers' mortgage payments as well as through the assessment of late fees and other penalties.

20.     Upon information and belief, Seterus services not less than hundreds of thousands of loans throughout the United States, including Plaintiff's mortgage loan.

21.     Seterus does not originate mortgage loans and only becomes involved with a consumers by acquiring the servicing rights to a portfolio of loans from Fannie Mae or from

another mortgage loan servicer with Fannie Mae's consent.

22.    Upon information and belief, Seterus services $24 billion in mortgages and subservices an additional $24 billion in mortgages for more than 300,000 customers.

23.    Upon information and belief, Seterus generated over $200 million in revenue in 2018.

24.    When Seterus acquires the servicing rights to a particular loan portfolio, many of the loans, if not the majority of the loans, contained in that portfolio are delinquent.

25.    Upon information and belief, Seterus specializes in servicing distressed residential mortgage loans that are in default or at an increased reisk of default at the time it acquires the servicing rights.

26.    Upon information and belief, Seterus acquires servicing rights from Fannie Mae to collect payments, fee, and other amounts owed by consumers on defaulted or high risk loans and provides related "services" to investors.

27.    Upon information and belief, Seterus earns money based upon a percentage of the funds it collects from consumers' mortgage payments as through the assessment of late fees and other penalties.

28.    Upon information and belief, when Seterus acquires the servicing rights to a particular loan portfolio a substantial number, if not all of the loans contained in that portfolio, are delinquent and/or at an increased risk of becoming delinquent.

29.    Upon information and belief, a high percentage of the residential mortgage loans serviced by Seterus experience one or more payment delinquencies of 45 days or more.

30.    Seterus' employees, affiliates, directors, agents, and attorneys act under the direction and supervision of Seterus and, therefore, Seterus is responsible and/or vicariously

liable for the actions of its employees, affiliates, directors, agents, and attorneys under, *inter alia*, the theory of *respondeat superior*.

## **FACTUAL ALLEGATIONS**

31.     Plaintiff is an owner of a residential home located at 811 Fullerton Ave S, Lehigh Acres, Florida 33974.

32.     Plaintiff's home is secured by a mortgage owned, backed, or controlled by Federal National Mortgage Association ("Fannie Mae") that is serviced by Seterus.

33.     Upon information and belief, Plaintiff's mortgage is governed by a promissory note, (the "Note") which defines default as failure to pay the full amount of each monthly payment on the date it is due.

34.     Upon information and belief, Plaintiff's loan was in a state of default at the time that Seterus acquired servicing rights thereto.

35.     Upon information and belief, Plaintiff's mortgage was transferred to Seterus while it was in a state of default.

36.     Upon information and belief, Plaintiff's debt was considered to be in default, at the time Seterus was assigned to collect the debt.

37.     Upon information and belief, Seterus occasionally alleged that Plaintiff's loan became more than 45 days delinquent under the terms of the Note through the time in which it was being serviced by Seterus.

38.     Upon information and belief, Seterus sends a form letter that it refers to as a "Florida Final Letter" to consumers that become more than 45 days delinquent in an effort to coerce and intimidate consumers into paying the entire default amount of the loan.

39.     The Florida Final Letters specifically state:

"***If full payment*** of the default amount is not received by us . . . on or before [the Expiration Date], ***we will accelerate*** the maturity date of your loan and upon such acceleration the ENTIRE indebtedness of the loan, including principal, accrued interest, and all other sums due thereunder, shall, at once and without further notice, become immediately due and owing." (emphasis added).

40.    The Florida Final Letters create a false sense of urgency by threatening to accelerate the entire indebtedness of a consumer's loan if "full payment of the default amount is not received . . . on or before the Expiration Date," when Seterus' actual policy, attested to by a Rule 30(b)(6) Deponent, is to ***never*** accelerate a loan that is less than 45 days delinquent.

41.    In the fall of 2018, on multiple occasions, Seterus sent Plaintiff a Florida Final Letter with the language cited above in the letter.

42.    The following is a relevant portion of Seterus' deposition in a similar case[1]:

> Q. My understanding of your testimony just now is that if Seterus receives a payment in response to an NC Final[2], then the debt is no longer 45 days due and so that's sufficient to hold off the acceleration process?
> A. That's correct.
>
> Q. Okay. And is that -- is that Seterus' policy just with regard to North Carolina?
> A. That's Seterus' policy for the loans where we are accepting payments and we're able to apply full contractual payment to the loan.
>
> Q. Okay. So in response to a letter like Exhibit 11[3], Seterus' policy, if they're accepting payments, is if they receive an amount equal to a normal monthly payment, they will not accelerate the debt?

---

[1]  *See attached* **Exhibit A** (a true and accurate copy of pages 177-180 of Seterus' 30(b)(6) deposition) and **Exhibit B** (a true and accurate copy of the corresponding Notice of Deposition to Seterus Inc.).

[2] This deposition was taken in North Carolina in regards to an NC Final Letter; however, the NC Final Letter and the Florida Final Letters are substantially similar and the legal issues therein are identical.

[3] Exhibit 11 (a true and accurate copy of which is attached hereto as **Exhibit C**) was an NC Final Letter substantially similar to the Florida Final Letters.

A. As long as, right, it brings the loan less than 45 days due.

Q. Okay. Where does it say that in this letter that if you make one payment or enough such that one payment is recorded, we won't do this, or does it say that?
A. Well, the expiration date provides really the -- the timeline where the customer needs to make some sort of payment so that the 45 days are not past due.

Q. Not some sort of payment, $3,204.72, that's what it says, right?
A. Yes. And we're allowing the customer, we're also -- yes. We would like the $3,204.72. But our objective is not to foreclose on our customers. Our objective is to be able to take -- even if it's a partial payment, if where -- if they're in the bucket where a partial payment can be made, our objective is to collect that payment to help them stay in their house. Because them making payments, staying in their house helps us in our business as well. Foreclosing on them is really not, you know, helpful to us nor to them.

Q. Yeah.
A. And so therefore, this letter is sent out per the guidelines that are outlined and we allow the customer -- we allow the customer to make that partial payment. And then when a full -- if a partial payment does not equal the contractual payment, then your -- then this letter still -- still stands. But because a contractual payment is able to be applied to the loan account, then we don't have to continue with the -- this letter.

[Seterus Dep. at pp. 177:11-180:10]

43.    Simply stated, in contravention of the plain and explicit language in the Florida Final Letters, Seterus will not accelerate consumers' loans and proceed to foreclosure even if the consumer fails to make a payment equal to the default amount listed in the Florida Final Letter *and* fails to make any payments that come due during the notice period.

44.    Seterus does not accelerate loans in the manner threatened by its Florida Final Letter in the usual course of business.

45.    The Florida Final Letters misrepresent the conditions under which Seterus intends to accelerate loans and materially deceive consumers into believing their loans *will* be

accelerated if they fail to fully cure their default prior to the specified Expiration Date.

46.     The Florida Final Letters misrepresent Seterus' intentions and present consumers with a false ultimatum that they satisfy all arrearages within the false deadline identified in the Florida Final Letter, or face acceleration and ultimately foreclosure.

47.     The Florida Final Letters are materially misleading in that they threaten consumers with acceleration and foreclosure when Seterus has neither the present intent, nor the present ability, to undertake such actions.

48.     The Florida Final Letters cause consumers to believe that they will lose their homes if all arrearages to Seterus are not paid within the time period identified in the Letter.

49.     The Florida Final Letters cause consumers to believe that they will lose their homes if they do not become current on their loan within the time period identified in the Letter.

50.     The false threats of acceleration and foreclosure contained within the Florida Final Letters are used by Seterus to scare and intimidate consumers as a means of collecting debt.

51.     The false threats of acceleration and foreclosure contained within the Florida Final Letters have the potential of causing individuals to send additional money to Seterus that, absent the false and misleading statements, could have been allocated to other necessary expenditures, including food and utility payments.

52.     The false threats of acceleration and foreclosure are designed to scare consumers into making payments they otherwise may not have made absent Seterus' misrepresentations.

53.     Seterus understands the frightening and unnerving nature of the misrepresentations utilized in its Florida Final Letter.

54.     Upon information and belief, the Florida Final Letter was purposefully crafted in

such a way to frighten and intimidate consumers and Plaintiff into paying money to Seterus.

55.    Upon information and belief, Seterus has specific knowledge of the inaccurate, deceptive, unlawful, frightening, harassing, false, and misleading represntaitons made in the Florida Final Letter and of the high probability that the Final Florida Letter would result in harm and injury to Florida consumers.

56.    Despite having specific knowledge of the wrongfulness of the representations made in the Florida Final Letter and of the high probability that it would result in harm and injury to Florida consumers, it intentionally pursued its unlawful debt collection attempts through the use of the Florida Final Letter.

57.    Seterus' use of the false representations in the Florida Final Letters were willful in that, *inter alia*, Seterus has been on notice that the misrepresentations are actionable under the FDCPA since, at the latest, November 21, 2016 when its Motion for Summary Judgment was denied in *Hager v. Seterus, Inc.,* Case No. 1:15-cv-222 (W.D.N.C.) and has failed to take remedial action.

58.    Accordingly, the Florida Final Letters threaten action not actually intended to be taken by Seterus in the ordinary course of business and constitute unfair threats, coercion, or attempts to coerce payments from consumers in violation of the FDCPA and/or FCCPA.

59.    Seterus routinely and systematically violate the FDCPA and the FCCPA through its Florida Final Letters because the Florida Final Letters:

a. Use false, deceptive, and misleading representations to collect debts from Plaintiff and Class Members;

b. Collect debts from Plaintiff and Class Members using unfair and unconscionable means by making false threats and ultimatums that Plaintiff and Class Members must pay the

entire balance of their debt by a certain date or face foreclosure or acceleration of their note; and

c. Improperly and illegally use false, deceptive, or misleading representations or means to collect debts in violation of the FDCPA 15 U.S.C. § 1692 and the FCCPA Fla. Stat. § 558.72.

60. Upon information and belief, Seterus uses the identical above language in all of its Florida Final Letters that are sent to borrowers who are in default.

61. By definition each class member has received one or more Florida Final Letters.

62. Each Florida Final Letter constitutes a separate violation of the FDCPA and/or the FCCPA in that, *inter alia*, the Florida Final Letter misrepresents Seterus' intentions by threatening to take action not taken in the ordinary course of business nor intended to be taken in the particular instance.

63. Each Florida Final Letter creates a false sense of urgency designed to unfairly coerce payments from consumers in that the letters indicate an intent to accelerate indebtedness if the arrearages are not cured by the deadline set forth in the Florida Final Letters; however, pursuant to Seterus' actual corporate policy discussed *supra*, Seterus does not actually intend to follow through with its false ultimatum so long as consumers *partially* satisfy their arrearage.

64. As a direct and proximate result of the foregoing unlawful representations contained in Florida Final Letter, Plaintiff has experienced anxiety, stress, anger, frustration, and mental anguish.

65. As a direct and proximate result of the foregoing unlawful representations contained in the Florida Final Letter, Plaintiff and the putative class members were deprived of accurate information that would have been important in deciding how to respond to Seterus'

demands for money.

66.     As a direct and proximate result of the foregoing unlawful representations contained in the Florida Final Letter, Plaintiff and the putative class members experienced anxiety and fear in that they believed that the risk of acceleration and foreclosure was greater and more immediate than it actually was.

67.     As a direct and proximate result of the foregoing unlawful representations contained in the Florida Final Letter, Plaintiff and the putative class members were impeded in their ability to make a reasoned decision in response to the Florida Final Letter.

68.     As a direct and proximate result of the foregoing unlawful representations contained in the Florida Final Letter, Plaintiff and the putative class members were subjected to material risks of harm, including forfeiting substantive rights or being exposed to financial risks that otherwise could or would have been avoided had Seterus provided accurate information in the Florida Final Letter.

69.     As a direct and proximate result of the foregoing unlawful representations contained in the Florida Final Letter, Plaintiff and the putative class members were expsed to material risks of harm that include emotional distress from the false sense of urgency created by the misrepresentations regarding acceleration and foreclosure of their homes.

70.     As a direct and proximate result of the foregoing unlawful representations contained in the Florida Final Letter, Plaintiff not only suffered the increased risk of harm identified herein, but also suffered the additional actual and realized harms, including, *inter alia*, (a) deprivation of accurate information that would have been important to her in making informed decisions in response to Seterus' unlawful representations, (b) a substantially false impression and perception of the risk of acceleration and foreclosure, (c) a perception that the

11

risk of acceleration and foreclosure was greater and more imminent than it actually was, (d) anxiety and fear regarding the belief that acceleration and foreclosure was greater and more imminent than it actually was, and (e) being subjected to unfair and abusive threats aned coercion in violation of his substantive rights under, *interalia*, the FDCPA and FCCPA (e.g., false ultimatums and coercive threats to accelerate and foreclose upon his home under terms and conditions that were inconsistent with Seterus' actual intentions).

## <u>COMMON CLASS ALLEGATIONS:</u>
### "Florida State Law Class"

71.    The forgoing allegations are hereby reincorporated by reference as if fully restated herein.

72.    Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this action individually and on behalf of a class which is tentatively defined as:

> All consumers throughout this district who Seterus sent a Florida Final Letter, in connection with the collection of a debt, or in an attempt to collect a debt, substantially similar or materially identical to the Florida Final Letters delivered to Plaintiff, within the applicable limitations period up to the filing of this Complaint and in violation of the FCCPA. (the "Florida State Law Class").

73.    The individuals protected by the Florida State Law Class are limited by the applicable statute of limitations prior to the filing of this Complaint, through the date of notice of the class certification is issued to the Florida State Law Class.

74.    Excluded from the Florida State Law Class are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) Seterus and any entity in which Seterus has a controlling interest in Seterus and its legal representatives, assigns and successors; and (c) all persons and entities who properly execute and file a timely request for exclusion from the Class.

75.     *Numerosity*: Plaintiff is unable to provide a specific number of members of the Florida State Law Class because that information is solely in the possession of Seterus.

76.     However, the exact number of class members, including the names and addresses of all class members, will be easily ascertained through a review of Seterus' business records.

77.     Upon information and belief, the putative Florida State Law Class contains several hundred consumers and likely exceeds several thousand consumers and is therefore so numerous that joinder of all members would be impracticable.

78.     The Florida Final Letters were an attempt by Seterus to collect a debt from Plaintiff and Class Members and their disposable income.

79.     *Commonality*: Seterus, in seeking to collect Plaintiff's mortgage loan debt and the debt of each member of the proposed Florida State Law Class, sent letters threatening to accelerate each member of the class's debt when Seterus had no intention to accelerate the debt.

80.     Each and every member of the proposed Florida State Law Class is subject to Seterus' policies and procedures.

81.     Each member of the proposed Florida State Law Class has a debt for which Seterus acquired the servicing rights.

82.     Furthermore, common questions of law and fact predominate over any individual issues that may be presented, because Seterus has a pattern, practice and policy of communicating with all borrowers in a manner that violates federal and state collection laws. Common questions include, but are not limited to:

A. Whether Seterus' pattern, practice, and policy of collecting and/or attempting to collect debt through the use of the Florida Final Letter, or some other written correspondence substantially similar to the Florida Final Letter, constitutes a violation

of the FCCPA;

B.  Whether Seterus violated Fla. Stat. § 559.72(9) by claiming, attempting, or threatening an action that it did not plan on taking.

C.  Whether Seterus violated Fla. Stat. § 768.72 by engaging in intentional misconduct or gross negligence through its use of the Florida Final Letter.

D.  Whether Seterus' conduct in utilizing the Florida Final Letter was a form of "debt collection" under the FCCPA.

E.  Whether Seterus' policies and procedures concerning the acceleration of mortgage loans and the commencement of foreclosure proceedings are accurately portrated in the Florida Final Letter.

83.    *Typicality*: The claims of Plaintiff are typical of the claims of the proposed class and all are based on the same facts and legal theories, as all such claims arise out of Seterus' conduct.

84.    Upon information and belief, Seterus uses form collection letters that are routinely sent to customers who are behind on their mortgage payments.

85.    There are no individual facts which distinguish the Plaintiff from other members of the Class who received the Florida Final Letters.

86.    *Adequate Representation*: Plaintiff is an adequate representative of the class in that he does not have antagonistic or conflicting claims with other members of the class.

87.    Plaintiff has also retained counsel experienced in the prosecution of complex class actions, specifically including experience with consumer class actions.

88.    Neither Plaintiff nor counsel have any interests that might cause them not to vigorously pursue this action.

89.    Plaintiff is aware of the responsibilities to the putative class and has accepted such responsibilities.

90.    *Predominance and Superiority*: The class is appropriate for certification because questions of law and fact common to the members of the Florida State Law Class predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Florida State Law Class is impracticable.

91.    Whether Seterus' Florida Final Letters sent to Plaintiff violates the FCCPA is an issue that will be decided for all consumers who received identical letters.

92.    There is nothing peculiar about Plaintiff's situation that would make the situation inadequate.

93.    Should individual class members be required to bring separate actions, this Court or courts throughout Florida would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments.

94.    In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

95.    Further, Seterus has acted and refused to act on grounds generally applicable to the proposed Florida State Law Class, thereby making appropriate final injunctive and declaratory relief with respect to the Class as a whole.

## <u>COMMON CLASS ALLEGATIONS</u>
**"FDCPA Sub-Class"**

96.    The foregoing allegations are hereby reincorporated by reference as if fully

restated herein.

97.     Pursuant to Federal Rules of Civil Procedure 23, Plaintiff has brought this action individually and on behalf of a class which is tentatively defined as:

> All consumers throughout the this district whose servicing rights were acquired by Seterus after their loan was in default and who were sent a letter from Seterus substantially similar or materially identical to the Florida Final Letter delivered to Plaintiff  described herein within one year from the date of filing of this Complaint (the "FDCPA Sub-Class").

98.     The FDCPA Sub-Class Period for purposes of this Complaint is for the one-year period prior to the filing of this Complaint, through the date of notice of the class certification is issued to the FDCPA Sub-Class.

99.     Excluded from the FDCPA Sub-Class are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) Seterus and any entity in which Seterus has a controlling interest in Seterus and its legal representatives, assigns and successors; and (c) all persons and entities who properly execute and file a timely request for exclusion from the FDCPA Sub-Class.

100.     *Numerosity*: Plaintiff is unable to identify the exact number of members of the FDCPA Sub-Class because that information is solely in the possession of Seterus.

101.     However, the exact number of class members, including the names and addresses of all class members, will be easily ascertained through a review of Seterus' business records.

102.     Upon information and belief, Plaintiff believes that the putative FDCPA Sub-Class is at least 100 consumers and likely exceeds several thousand consumers and is therefore so numerous that joinder of all members would be impracticable.

103.     *Commonality*: Seterus, in seeking to collect Plaintiff's mortgage loan debt and the debt of each member of the proposed class, sent letters threatening to accelerate each member of

the class's debt when it had no intention to accelerate the debt.

104.    Each and every member of the proposed FDCPA Sub-Class is subject to Seterus' policies and procedures.

105.    Seterus frequently acts as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

106.    Each member of the proposed FDCPA Sub-Class are "consumers," as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

107.    Each member of the proposed FDCPA Sub-Class has a "debt," as defined by the FDCPA, 15 U.S.C. § 1692a(5).

108.    Each member of the proposed FDCPA Sub-Class has a debt for which Seterus acquired the servicing rights after the debt was in default.

*109.*    Furthermore, common questions of law and fact predominate over any individual issues that may be presented, because Seterus has a pattern, practice and policy of communicating with all borrowers in a manner that violates federal and state collection laws.

*110.*    Common questions include, but are not limited to: whether Seterus' pattern, practice, and policy of collecting and/or attempting to collect debt through the use of the Florida Final Letter, or some other written correspondence substantially similar to the Florida Final Letter, constitutes a violation of the FDCPA.

111.    *Typicality*: The claims of Plaintiff are typical of the claims of the proposed FDCPA Sub-Class and all are based on the same facts and legal theories, as all such claims arise out of Seterus' conduct.

112.    *Adequate Representation*: Plaintiff is an adequate representative of the FDCPA Sub-Class in that he does not have antagonistic or conflicting claims with other members of the

class. Plaintiff has also retained counsel experienced in the prosecution of complex class actions, specifically including consumer class actions.

113.    Neither Plaintiff nor counsel have any interests that might cause them not to vigorously pursue this action.

114.    Plaintiff is aware of his responsibilities to the putative FDCPA Sub-Class and have accepted such responsibilities.

115.    *Predominance and Superiority*: The FDCPA Sub-Class is appropriate for certification because questions of law and fact common to the members of the FDCPA Sub-Class predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the FDCPA Sub-Class is impracticable.

116.    Should individual class members be required to bring separate actions, this Court or courts throughout Florida would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments.

117.    In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

118.    Further, Seterus has acted and refused to act on grounds generally applicable to the proposed class, thereby making appropriate final injunctive and declaratory relief with respect to the FDCPA Sub-Class as a whole in that Seterus has acted and continues to act in violation of federal and state debt collection laws.

## **FIRST CAUSE OF ACTION**
(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*)

119.    The forgoing allegations are hereby reincorporated by reference as if fully restated herein.

120.    Seterus is  a "debt collector," as defined by the FDCPA, 15 U.S.C. § 1692a(6), because Seterus obtained the servicing rights to Plaintiff's mortgage when his loan was in default at the time Seterus obtained the servicing rights.

121.    Seterus' correspondence to Plaintiff and the Class set forth herein and expressly states, "THIS COMMUNICATION IS FROM A DEBT COLLECTOR AS WE SOMETIMES ACT AS A DEBT COLLECTOR." (emphasis in original).

122.    Plaintiff and all members of the FDCPA Sub-Class are "consumers," as defined by the FDCPA, 15 U.S.C. § 1692a(3) since they are natural persons allegedly obligated to pay a consumer debt.

123.    At all material times, Plaintiff's debt and the debts of the FDCPA Sub-Class members were "debt," as defined by the FDCPA, 15 U.S.C. § 1692a(5).

124.    Collection letters are to be evaluated by the objective standard of the hypothetical "least sophisticated" consumer test.

125.    FDCPA 15 U.S.C. § 1692(e) states in pertinent part:

> A debt collector may not use false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

126.    Upon information and belief, Plaintiff and Class Members' debt were allegedly delinquent, in default, or considered to be in default, at the time Seterus was assigned to collect

the debt.

127.    The FDCPA is meant and designed to protect consumers from harmful or abusive debt-collection practices like the ones alleged herein. Seterus' use of such practices constitute a concreate and particularized injury.

128.    Seterus' violations of 15 U.S.C. § 1692(e) were material, *inter alia*, because the Florida Final Letter mislead consumers about information necessary to permit them to determine their best course of conduct, created a substantial risk of causing homeowners to make decisions against their own interests in managing their finances, and increased their fear and anxiety regarding the risk of immediate acceleration or commencement of foreclosure proceedings.

129.    Under 15 U.S.C. § 1692(e), Plaintiff and the putative class members have a statutory right to be free from abusive debt collection pratices and suffered concrete and particularized injury when Seterus violated their substantive rights under the FDCPA, including, *inter alia*, the right to be free from false, misleading, and/or deceptive communications regarding Plaintiff and the putative class members' respective debts.

130.    Moreover, Congress has expressly determined that Seterus' violations are material by specifically designating that threats to take actions that the debt collector does not intend to take are an unfair collection practice and a violation of the FDCPA.

131.    Seterus has attempted to collect debt in violation of*, inter alia*, 15 U.S.C. § 1692(e), in that it used false representations and deceptive means to collect or attempt to collect the Debt; threatened action it did not intend to take; and threatened to take action that it could not legally take.

132.    Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(e), in that it utilized false threats and misleading representations regarding the amounts that consumers must

pay, and when they must pay it, in order to continue to own their homes.

133.    Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(e) in that it falsely represented its intention to accelerate and foreclose on Plaintiff's home in an effort to induce the payment of additional funds.

134.    Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(e), in that it misrepresented its intentions and presented Plaintiff and other consumers with a false ultimatum that they must satisfy all arrearages within the false deadline identified in the Florida Final Letters, or face acceleration and ultimately foreclosure.

135.    Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(e), in that it has threatened to take action, including acceleration and foreclosure, when it had no intention of taking such measures under the conditions specified in the Florida Final Letters.

136.    Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(e) by using false representations and deceptive means, including false threats of acceleration and foreclosure.

137.    FDCPA section 1692(f) states in pertinent part that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

138.    Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(f) in that it unfairly utilized false threats and misleading representations regarding the amounts that consumers must pay, and when they must pay it, in order to continue to own their homes.

139.    Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(f) in that it falsely represented its intention to accelerate and foreclose on Plaintiff's home in an effort to induce the payment of additional funds.

140.    Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(f), in that it misrepresented its intentions and presented Plaintiff and other consumers with a false ultimatum

that they must satisfy all arrearages within the false deadline identified in the Florida Final Letters, or face acceleration and ultimately foreclosure.

141.    Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(f), in that it has threatened to take action, including acceleration and foreclosure, when it had no intention of taking such measures.

142.    Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(f) by using unfair and unconscionable means, including false threats of acceleration and foreclosure.

143.    As a result of Seterus' unlawful attempts to collect debt, Plaintiff and the FDCPA Sub-Class Members are entitled to actual and statutory damages, as well as their reasonable attorneys' fees.

## SECOND CAUSE OF ACTION
(Violations of the Florida Consumer Protection Act, § 559.72 *et seq.*)

144.    The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

145.    The FCCPA was enacted to eliminate abusive and harassing tactics in the collection of debts.

146.    Seterus is a "debt collector," as defined by the FCCPA, § 559.55(7) in that Seterus' principal business "is the collection of debts" or in that Seterus "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

147.    The debt that Seterus has collected or attempted to collect from Plaintiff and the putative class members is "debt" as defined by the FCCPA, § 559.55(6) in that it is an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are

primarily for personal, family, or household purposes."

148.    At all times relevant to this action, Seterus was subject to and must abide by the law of Florida, including Florida Statute § 559.72.

149.    Seterus has attempted to collect debt in violation of the FCCPA from Plaintiff and the Florida Class as described *supra* in that, *inter alia*, it has falsely represented that failure to immediately and completely satisfy all arrearages would result in acceleration of their loan in contravention of Seterus' specific intentions and ordinary practices.

150.    Seterus has attempted to collect debt in violation of the FCCPA in that it used false representations and deceptive means to collect or attempt to collect the Debt; threatened action it did not intend to take; and threatened to take action that it could not legally take.

151.    Seterus has attempted to collect debt in violation of the FCCPA, in that it utilized false threats and misleading representations regarding the amounts that consumers must pay, and when they must pay it, in order to continue to own their homes.

152.    Seterus has attempted to collect debt in violation of FCCPA, in that it utilized false threats and misleading representations regarding the amounts that consumers must pay, and when they must pay it, for the sole purpose of coercing additional payments.

153.    Seterus has attempted to collect debt in violation of FCCPA, in that it falsely represented its intention to accelerate and foreclose on Plaintiff's home in an effort to induce the payment of additional funds.

154.    Seterus has attempted to collect debt in violation of FCCPA, in that it misrepresented its intentions and presented Plaintiff and other consumers with a false ultimatum that they must satisfy all arrearages within the false deadline identified in the Florida Final Letters, or face acceleration and ultimately foreclosure.

155.    Seterus has attempted to collect debt in violation of FCCPA, in that it has threatened to take action, including acceleration and foreclosure, when it had no intention of taking such measures.

156.    Seterus has attempted to collect debt in violation of FCCPA, in that it has threatened to take action, including acceleration and foreclosure, when such actions are not taken in the usual course of business.

157.    Seterus has attempted to collect debt in violation of FCCPA by using unfair threats and coercion, including false threats of acceleration and foreclosure.

158.    FCCPA prohibits collection agencies from collecting or attempting to collect debt by using any unfair practices.

159.    Seterus has attempted to collect debt in violation of FCCPA in that it unfairly utilized false threats and misleading representations regarding the amounts that consumers must pay, and when they must pay it, in order to continue to own their homes.

160.    Seterus has attempted to collect debt in violation of FCCPA in that it falsely represented its intention to accelerate and foreclose on Plaintiff's home in an effort to induce the payment of additional funds.

161.    Seterus has attempted to collect debt in violation of FCCPA, in that it misrepresented its intentions and presented Plaintiff and other consumers with a false ultimatum that they must satisfy all arrearages within the false deadline identified in the Florida Final Letters, or face acceleration and ultimately foreclosure.

162.    Seterus has attempted to collect debt in violation of FCCPA, in that it has threatened to take action, including acceleration and foreclosure, when it had no intention of taking such measures.

163.    Seterus has attempted to collect debt in violation of FCCPA by using unfair and unconscionable means, including false threats of acceleration and foreclosure.

164.    As a result of Seterus' unlawful attempts to collect debt, Plaintiff and the Florida Class are entitled to actual and statutory damages, injunctive relief, as well as their reasonable attorneys' fees.

165.    Additionally, because the Florida Final Letter was purposefully crafted in such a way to frighten and intimidate consumers and Plaintiff into paying money to Seterus, and because Seterus had specific knowledge of the inaccurate, deceptive, unlawful, frightening, harassing, false, and misleading represntaitons made in the Florida Final Letter and of the high probability that the Final Florida Letter would result in harm and injury to Florida consumers, Seterus is liable for punitive damages pursuant to § 768.72.

### THIRD CAUSE OF ACTION
(Negligent Misrepresentation)

166.    The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

167.    In the Florida Final Letters, Seterus made representations to Plaintiff, Class members as set forth in this complaint.

168.    Those representations were false.

169.    When Seterus made the representations, it knew they were untrue or it had a reckless disregard for whether they were true, or it should have known they were untrue.

170.    Seterus knew that Plaintiff, class members, were relying on the representations to their detriment

171.    In reliance upon the representations, Plaintiff and class members used their funds to pay the entire balance when they could have made a partial payment and used their funds on

25

other necessary living expenses.

172.    As a direct and proximate result of Seterus' negligent misrepresentations, Plaintiff and Class members have been damaged as set forth in this complaint.

173.    As a direct and proximate result of the foregoing, Plaintiff and the class members suffered, and continue to suffer, financial damage and injury, and are entitled to all damages, including punitive damages, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and all others similarly situated pray the Court for judgment as set forth below:

1.    Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as a class representative, and appointing the undersigned as Class Counsel;

2.    Adjudging that Seterus violated the FDCPA and FCCPA sections enumerated above, and awarding Plaintiff and the members of the Florida Class and FDCPA Sub-Class (collectively, "Class Members") actual and statutory damages;

3.    Enjoining Seterus from utilizing the Florida Final Letter in violation of the FDCPA and FCCPA sections enumerated above;

4.    Awarding Plaintiff and all Class Members their reasonable attorneys' fees and costs incurred pursuant to the FDCPA and FCCPA;

5.    That the compensatory damages of Plaintiff and the Class Members be awarded by the Court pursuant to the Florida Statutes;

6.    For punitive damages as allowed by the FCCPA;

7.      That the costs of this action be taxed to Seterus;

8.      For a trial by jury on all issues so triable; and,

9.      For such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 25th day of January, 2019.

WHITFIELD BRYSON & MASON LLP


/s/   *Scott C. Harris*          _
Scott C. Harris
Trial Counsel
Florida Bar No. 103905
900 W. Morgan Street
Raleigh, North Carolina 27603
Telephone: (919) 600-500
Facsimile: (919) 600-5035
scott@wbmllp.com

MAGINNIS LAW, PLLC

Edward H. Maginnis (*pro hac vice motion forthcoming*)
N.C. State Bar No. 39317
Karl S. Gwaltney (*pro hac vice motion forthcoming*)
N.C. State Bar No. 45118
Asa C. Edwards (*pro hac vice motion forthcoming*)
N.C. State Bar No. 46000
4801 Glenwood Avenue, Suite 310
Raleigh, North Carolina 27612
Telephone: 919-526-0450
Fax: 919-882-8763
emaginnis@maginnislaw.com
kgwaltney@maginnislaw.com
aedwards@maginnislaw.com