UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NICOLE BARILLA, LOIS KERR and
CHARLES MCDONALD, on behalf of
themselves and others similarly situated

       Plaintiffs,

v.                                           Case No.:   2:19-cv-46-FtM-38NPM

SETERUS, INC and NATIONSTAR
MORTGAGE LLC,

       Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendants Seterus, Inc. and Nationstar Mortgage LLC, as Successor in Interest to Seterus (together, "Defendants")[2], Motion to Dismiss Second Amended Complaint (Doc. 42) and Plaintiffs Nicole Barilla, Louis Kerr, and Charles McDonald's Response in Opposition. (Doc. 45). For the following reasons, the Motion is granted with leave to amend.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] On February 28, 2019, Nationstar Mortgage, LLC completed the acquisition of Seterus, Inc. Accordingly, Nationstar Mortgage, LLC is successor in interest to Seterus, and Seterus is now part of Nationstar Mortgage, LLC.

**BACKGROUND**

This case is about debt collection letters Defendants sent to Plaintiffs. Defendants move to dismiss the entirety of the Second Amended Class Action Complaint (Doc. 39) with prejudice for failure to state a claim. The Court recounts the factual background as pled in Plaintiffs' Second Amended Class Action Complaint, which it must accept as true to decide whether Plaintiffs state a plausible claim. See *Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

Between early 2018 and early 2019, Plaintiffs fell behind on mortgage payments and defaulted. (Doc. 39 at 4-5). Once Plaintiffs defaulted, Defendants sent them form letters demanding that they get current. (Doc. 39 at 4-5; Doc. 39-1; Doc. 39-2). The letters each listed the default amount, provided a deadline of 36 days to cure the default, and specified consequences for failure to cure (the "Florida Final Letters").[3] (Doc. 39-1; Doc. 39-2). The letters warned that "[i]f full payment of the default amount is not received [by the deadline], we will accelerate the maturity date of your loan and upon such acceleration the ENTIRE balance of the loan, including principal, accrued interest, and all other sums due thereunder, shall, at once and without further notice, become immediately due and payable." (Doc. 39 at 6; Doc. 39-1 at 2; Doc. 39-2 at 2). Immediately following that sentence, the letter stated that "[f]ailure to cure the default on or before the Expiration Date may result in acceleration of the sums secured by the Security Instrument, foreclosure by judicial proceeding, and sale of the property. If you only send a partial

---

[3] The letters sent to Plaintiff Lois Kerr and Charles McDonald were attached to the Second Amended Complaint as Exhibits A and B. The letter sent to Plaintiff Nicola Barilla was not provided.

payment, the loan will still be in default. Additionally, we will keep the payment and may accelerate the maturity date." (Doc. 39-1 at 2; Doc. 39-2 at 2).

Unbeknownst to Plaintiffs, however, Defendants had an internal policy of showing mercy to debtors who failed to fully cure their default before the deadline, which was explained by Seterus' 30(b)(6) representative in a similar case. (Doc. 39 at 7-8). Under this policy, Defendants would not accelerate defaulting loans—provided they were not yet 45 days past due. (Doc. 39 at 7-8). This 45-day clock reset whenever debtors made any payment—partial or full—preventing acceleration each time. (Doc. 39 at 7-8). Thus, the letters' threats to accelerate if Plaintiffs sent anything less than full payment before the deadline were untrue. (Doc. 39 at 8). And because Plaintiffs were coerced into paying what they owed and suffered emotional distress from the "false sense of urgency," Defendants violated federal and Florida debt collection law and committed negligent misrepresentation (Counts I-III). (Doc. 39 at 12, 20-26).

## STANDARD OF REVIEW

When deciding a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded facts and draw all reasonable inferences in the light most favorable to the non-moving party. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, the plaintiff's pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* A claim is facially plausible when the court can draw a reasonable inference from the facts pled that the opposing party is liable for the alleged misconduct. *See id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007). But "[f]actual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693

F.3d 1333, 1337 (11th Cir. 2012) (internal quotations omitted).  Thus, the court engages in a twostep approach: "When there are well pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## DISCUSSION

### 1. The FDCPA Claims (Count I)

Count I alleges that the letters' empty threats violated 15 U.S.C. §§ 1692e and 1692f of the Fair Debt Collection Practices Act (FDCPA) because they threatened action "not intended to be taken," used "false representations . . . to collect a debt," and used "unfair or unconscionable means" to collect the debts.  (Doc. 39 at 20-22); 15 U.S.C. §§ 1692e(5), (10); 1692f.  Defendants argue that they had a legal right to threaten foreclosure, that they *did* intend to foreclose under some circumstances, that they made no *material* misrepresentations, and that Plaintiffs fail to differentiate between § 1692e allegations and § 1692f allegations.  (Doc. 42 at 7-15).  Plaintiffs parry, arguing that the plain language of the letters refutes Defendants' argument, that the misrepresentations were manifestly material, and that the alleged conduct is unfair or unconscionable *in addition* to being false or misleading.  (Doc. 45 at 3-16).  Convincing as Plaintiffs' arguments may be, the Court must dismiss Count I because it is a shotgun pleading.

The Eleventh Circuit requires pleadings to be "seperat[ed] into a different count [for] each cause of action or claim for relief."  *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015).  Instead, Count I generically alleges that Defendants violated the "Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*," raising claims under both §§ 1692e and 1692f.  (Doc. 39 at 20, 22).  Although the same

4

conduct can violate §§ 1692e and 1692f, these two statutes raise two separate causes of action with separate elements. See *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1308 (11th Cir. 2015). For this reason, Count I is dismissed as a shotgun pleading. See *Garrison v. Caliber Home Loans, Inc.*, 233 F. Supp. 3d 1282, 1291-92 (M.D. Fla. 2017) (dismissing count which combined multiple sections of § 1692 as a shotgun pleading). Plaintiffs will have an opportunity to amend these deficiencies.

   2. **The FCCPA Claims (Count II)**

Count II alleges that Defendants violated the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et seq.* (FCCPA). (Doc. 39 at 23). This section contains an exhaustive list of nineteen subparts. See § 559.72. As Defendants note, the Second Amended Complaint does not specify which subparts apply. (Doc. 42 at 17). In response, Plaintiffs argue that paragraphs 155-58 of the Second Amended Complaint "specifically allege that Defendants violated Fla. Stat. 559.72(9) by claiming, attempting, or threatening an action that it did not intend to take." (Doc. 45 at 17). Although the Second Amended Complaint never "specifically" invokes § 559.72(9), there are bigger problems. Section 559.72(9), like 15 U.S.C. § 1692e(5), forbids threats that the collector *knows* it does not have the right to take, stating:

> In collecting consumer debts, no person shall:
>
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. § 559.72(9). Thus, in order to state a claim under § 559.72(9), Plaintiffs must plausibly allege that Defendants knew they could not legally accelerate the debts. § 559.72(9). Plaintiffs do not make such allegations.

As an alternative, Plaintiffs argue that an alleged violation of the FDCPA must also violate the FCCPA because the FCCPA is a "Florida state analogue" to the FDCPA. (Doc. 45 at 16). Thus, since the FDCPA makes empty threats actionable, so too must the FCCPA. (Doc. 45 at 16). Plaintiffs overstress the analogue between the two statutes. *See Aluia v. Dyck-O'Neal, Inc.*, No. 2:15-cv-81-FtM-38DNF, 2015 WL 3719368, at *4 (M.D. Fla. June 15, 2015) ("[V]iolations of the FDCPA are not automatic violations of the FCCPA."); *Beeders v. Gulf Coast Collection Bureau, Inc.*, No. 8:09-cv-00458-EAK-AEP, 2010 WL 2696404, at *6 (M.D. Fla. July 6, 2010) ("There are intentional differences between the FDCPA and FCCPA, and a violation of the federal statute does not automatically constitute a violation of the state statute in situations where the FCCPA is distinguishable."). Even if Defendants violated the FDCPA, it does not follow that they violated this similar but distinguishable section of the FCCPA.

Because Courts should generally allow plaintiffs the opportunity to amend before dismissing a claim with prejudice, the Court will allow plaintiff to amend. *See Bryan v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (stressing that litigants should ordinarily be given one chance to amend before dismissal with prejudice).

### 3. Negligent Misrepresentation (Count III)

Count III alleges that Defendants committed negligent misrepresentation by falsely leading Plaintiffs to believe Defendants would foreclose if the default was not timely cured. (Doc. 39 at 25-26). To state a claim for negligent misrepresentation, a plaintiff must allege: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation."

*Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010) (citation omitted).  Because negligent misrepresentation "sounds in fraud," plaintiffs must plead these elements with particularity.  *Linville v. Ginn Real Estate Co., LLC*, 697 F. Supp. 2d 1306 (M.D. Fla. 2010); Fed. R. Civ. P. 9(b).

Allegations of fraud implicate a heightened pleading standard.  Fed. R. Civ. P. 9(b); *see Total Containment Sols., Inc. v. Glacier Energy Servs., Inc.*, No. 2:15-cv-63-FtM-38CM, 2015 WL 3562622, at *2 (M.D. Fla. June 5, 2015).  In addition to meeting the Rule 12(b)(6) standard, the pleading must include: (1) precisely what fraudulent statement was made; (2) the time and place of each statement and who made it; (3) the content of each statement and how it misled the plaintiff; and (4) what the defendant gained from the fraud.  *Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 694 (11th Cir. 2015).  Without these allegations, the claims of fraud are subject to dismissal.  *Id.*

Defendants first argue that Plaintiffs fail to state a claim because (1) Defendants never made any misrepresentation; and (2) Plaintiffs do not sufficiently allege injury. (Doc. 42 at 19-21).  Without reaching the issue of whether the letters contain actionable misrepresentations, the Court agrees that Plaintiffs do not allege sufficient injuries.

Count III alleges Plaintiffs were injured by "paying the entire balance" of their defaults instead of "us[ing] their funds on other necessary living expenses."  (Doc. 39 at ¶¶ 168-69).  But Plaintiffs admit that they were in default, that they owed the money to Defendants, and that the letters motivated them to pay what they owed.  (Doc. 39 at 4-6, 39).  In other words, Plaintiffs allege that they were injured by satisfying their contractual obligations.  The Court is aware of no case law to support that contractually owed

payments are actionable losses within the meaning of Florida negligent misrepresentation.

As an alternative theory of injury, Plaintiffs argue in their Response that they "suffered emotional injury as a result of Defendants' Negligent Misrepresentations." (Doc. 45 at 19). Although the Second Amended Complaint does allege emotional injuries, these allegations are neither present in nor incorporated by reference into Count III. (Doc. 39 at ¶¶ 71-76, 162-69). And even if Plaintiffs had incorporated the emotional injury allegations, the allegations are insufficient.

Injuries in negligent misrepresentation are "limited to loss suffered . . . through reliance upon [the false information]." *Specialty Marine & Indus. Supplies v. Venus*, 66 So. 3d 306, 310 (Fla. Dist. Ct. App. 2011) (quoting Restatement (Second) of Torts § 552(2)(b)). Although Plaintiffs allege that they paid their bills "in reliance upon the false representations," they do not connect their emotional injuries to this reliance. (Doc. 39 at 26; Doc. 74). Plaintiffs do not allege that *paying* caused them emotional injury. Rather, Plaintiffs allege that their injuries arose "from the false sense of urgency" caused by reading and believing the letter. (Doc. 39 at 12). With no nexus alleged between the emotional injuries and the actions taken in reliance, the Plaintiffs do not properly allege that they suffered emotional injuries from reliance on the letters.

Finally, Plaintiffs fail to allege the circumstances with particularity. Although Plaintiffs attach copies of the letters sent to Kerr and McDonald, (Doc. 39-1; Doc. 39-2), these letters alone do not satisfy the Rule 9(b) pleading standard. Plaintiffs state that "Seterus occasionally alleged that" Barilla, Kerr, and McDonalds' loans were "more than 45 days delinquent," that Defendants sent offending letters after 45 days of default, and

that this happened at least partially within the statute of limitations. (Doc. 39 at 4-6). These allegations are too vague. They provide no information on how many letters were sent or when they were sent. In the case of Barilla, Plaintiffs do not attach a copy of one of the letters Barilla "occasionally" received and fail to specifically allege the amount Barilla owed, paid, and the content of the misrepresentation.

Plaintiffs invoke "the spirit of Fed. R. Civ. P. 9(b)," counseling Defendants to consult their own records for the details rather than require particularity. (Doc. 45 at 20). Even if Defendants' records could provide answers, the "spirit" of Rule 9(b) requires more. *See, e.g., Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (protecting defendants "against spurious charges of immoral and fraudulent behavior"); *Carbone v. CNN, Inc.*, 910 F.3d 1345, 1354 (11th Cir. 2018) (protecting defendants against strike suits and nuisance litigation). By pleading Count III without particularity, Plaintiffs fail to follow either the spirit or the letter of Fed. R. Civ. P. 9(b). Plaintiffs will be permitted to amend these deficiencies.

Accordingly, it is now

**ORDERED:**

1) Defendants Seterus, Inc. and Nationstar Mortgage LLC's Motion to Dismiss Second Amended Complaint (Doc. 42) is **GRANTED** to the extent that Counts I-III of the Second Amended Complaint (Doc. 39) are **DISMISSED without prejudice** to filing a Third Amended Complaint consistent with this Opinion and Order by **September 11, 2019**. Defendants' request for dismissal of the case with prejudice is denied at this time.

2) If a Third Amended Complaint is not filed, the case will be closed.

3) Defendants' Unopposed Motion for Leave to File Reply in Support of its Motion to Dismiss Second Amended Complaint (Doc. 46) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida this 28th day of August, 2019.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record