UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NICOLE BARILLA, LOIS KERR and
CHARLES MCDONALD, on behalf of
themselves and others similarly
situated,

       Plaintiffs,

v.                                      Case No.: 2:19-cv-46-FtM-38NPM

SETERUS, INC. and NATIONSTAR
MORTGAGE LLC,

       Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendants Seterus, Inc. and Nationstar Mortgage LLC's (collectively, "Defendants")[2] Motion to Dismiss the Third Amended Complaint (Doc. 49) and Plaintiffs Nicole Barilla, Louis Kerr, and Charles McDonald's Response in Opposition. (Doc. 54). For the following reasons, the Motion is granted in part and denied in part.

## **BACKGROUND**

This case is about debt collection letters Defendants sent to Plaintiffs. The Court recounts the factual background as pled in Plaintiffs' Third Amended Complaint (Doc. 48),

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] On February 28,2019, Nationstar Mortgage, LLC completed the acquisition of Seterus, Inc. Accordingly, Nationstar Mortgage, LLC is successor in interest to Seterus, and Seterus is now part of Nationstar Mortgage, LLC.

which it must accept as true to decide whether Plaintiffs state a plausible claim. *See Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

Between early 2018 and early 2019, Plaintiffs fell behind on mortgage payments and defaulted, and Defendants sent them letters (Doc. 48-1; Doc. 48-2) demanding that they get current, referred to as the "Florida Final Letters." The letters each listed the default amount, provided a deadline to cure the default, and specified consequences for failure to cure. The letters warned:

> [i]f full payment of the default amount is not received [by the deadline], we will accelerate the maturity date of your loan and upon such acceleration the ENTIRE balance of the loan, including principal, accrued interest, and all other sums due thereunder, shall, at once and without further notice, become immediately due and payable.

(Doc. 48 at 7-8; Doc. 48-1 at 2; Doc. 48-2 at 2). Immediately following that sentence, the letters stated:

> [f]ailure to cure the default on or before the Expiration Date may result in acceleration of the sums secured by the Security Instrument, foreclosure by judicial proceeding, and sale of the property. If you only send a partial payment, the loan will still be in default. Additionally, we will keep the payment and may accelerate the maturity date.

(Doc. 48 at 8; Doc. 48-1 at 2; Doc. 48-2 at 2).

Contrasting with these threats of foreclosure, the letters also stated that "FORECLOSURE PROCEEDINGS WILL NOT BE COMMENCED UNLESS AND UNTIL ALLOWED BY APPLICABLE LAW." (Doc. 48-1 at 3; *see* Doc. 48 at 8 (alleging that all Florida Final Letters sent to all borrowers in Florida who became 45 days delinquent were "substantially the same")). The letters further advised that Plaintiffs "ha[d] the right to

2

reinstate [their] loan after acceleration" after which "the loan no longer [would] be immediately due in full." (Doc. 48-1 at 3).

However, Plaintiffs did not realize that Defendants had an internal policy of showing mercy to debtors who failed to fully cure their default before the deadline, which was explained by Seterus' 30(b)(6) representative in a similar case filed in North Carolina. (Doc. 48 at 8-9). Under this policy, Defendants would not accelerate defaulted loans that are less than 45 days delinquent. This 45-day clock would reset whenever debtors made any payment – partial or full – preventing acceleration each time. Thus, Plaintiffs allege that Defendants created a false sense of urgency by threatening to accelerate the entire indebtedness of a consumer's loan if "full payment of the default amount is not received. . . on or before the Expiration Date."

Further, Seterus could not "immediately" foreclose a loan upon the expiration date because the original contracts and the Real Estate Settlement Procedures Act, 12 U.S.C. § 1024.41(f)(1), required at least 120 days delinquency before initiating foreclosure. Thus, the letters' threats to accelerate if Plaintiffs sent anything less than full payment before the deadline were untrue and unfair. And because Plaintiffs were coerced into paying what they owed and deprived "of information that would be important . . . in responding to Seterus' debt collection attempts," Defendants violated federal and Florida debt collection laws (Counts I-V).

## STANDARD OF REVIEW

When deciding a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded facts and draw all reasonable inferences in the light most favorable to the non-moving party. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a

motion to dismiss, the plaintiff's pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* A claim is facially plausible when the court can draw a reasonable inference from the facts pled that the opposing party is liable for the alleged misconduct. *See id.*; *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 553 (2007)*. But "[f]actual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)*. Thus, the court engages in a twostep approach: "When there are well pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## DISCUSSION

In Counts I-III, Plaintiffs allege the letters violate the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692e generally and subsections (5) and (10) individually. In Count IV, Plaintiffs allege the letters violate 15 U.S.C. § 1692f generally. In Count V, Plaintiffs allege that the letters violate the Florida Consumer Protection Act, Fla. Stat. § 559.72(9). Defendants dispute all five counts, arguing that Plaintiffs mischaracterize the applicable law, the language of the letters, and that Plaintiffs Barilla and McDonald fail to meet minimum pleading and standing requirements.

### A. FDCPA Claims (Counts I-IV)

"To state a claim under FDCPA, plaintiff must allege that '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Gnipp v. Bank of Am., N.A.*, No: 2:15-cv-99-FtM-

29CM, 2016 WL 502013, at *13 (M.D. Fla. Feb. 8, 2016) (quoting *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000)). Here, the first two elements are not at issue. Instead, Defendants argue that sending the Florida Final Letters was not a prohibited act.

Under 15 U.S.C. § 1692e, debt collectors are prohibited from using "false, deceptive or misleading representation[s] or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute also provides some specific categories of false, deceptive, and misleading conduct. Relevant here are subsections (5) and (10), which respectively prohibit "threat[s] to take any action that cannot legally be taken or that is not intended to be taken" and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Likewise, § 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

Claims under these sections of the FDCPA are evaluated from the perspective of the least sophisticated consumer. See *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258-59 (11th Cir. 2014). The least sophisticated consumer "posses[es] a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1189 (11th Cir. 2010); see also *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985) (the least sophisticated consumer is "on the low side of reasonable capacity"). This standard protects "naïve consumers" and "prevents liability for bizarre or idiosyncratic interpretations of collections notices by preserving a quotient of reasonableness." *LeBlanc*, 601 F.3d at 1194.

### 1. § 1692e (Counts I-III)

Looking first at the § 1692e claims, the Court finds that Plaintiffs have plausibly alleged that the letters could be false, deceptive, or misleading to the least sophisticated consumer. Although Counts I-III each deal with a different subpart of § 1692e, all three raise the same two questions: (1) do the Florida Final Letters contradict Seterus' internal policy; and (2) is this contradiction false, deceptive, or misleading? Unsurprisingly, Plaintiffs and Defendants reach opposite conclusions on these questions.

Plaintiffs allege that Defendants' internal policy (of which they were unaware) is not to foreclose if debtors send any payment – partial or full – before the expiration date. But the letters state that Defendants will foreclose if "**full payment** of the default amount is not received . . . on or before" the expiration date. (Doc. 48 at 7) (emphasis in original). Plaintiffs state that these two statements cannot both be true; therefore, Defendants are providing Florida borrowers false information.

However, at this point in the litigation, analyzing the provisions of § 1692e in Counts I-III, Plaintiffs plausibly allege FDCPA violations. Count I alleges a violation of § 1692e generally, which requires false, deceptive, or misleading representations in connection with debt collection. Here, we have an allegedly false representation – that full payment by a certain date is necessary to avoid acceleration – used to collect a debt. This satisfies § 1692e. Count II alleges a violation of § 1692e(5), which prohibits threats of actions "not intended to be taken." § 1692(e)(5). Plaintiffs allege that Defendants did not intend to pursue foreclosure if they received only partial payment, but the letter said they would. Thus, the letter contained a threat that Defendants did not intend to carry out. And Count III alleges a violation of § 1692e(10), which also requires a "false

representation or deceptive means" to collect a debt.  15 U.S.C. § 1692e(10).  For the same reason Plaintiffs satisfy § 1692e, they also satisfy § 1692e(10).

### 2. § 1692f (Count IV)

Plaintiffs raise a § 1692f claim in the alternative to § 1692e, arguing that the false representations in the letters were "unfair or unconscionable" debt collection methods. Defendants move to dismiss, arguing that the same alleged conduct cannot violate § 1692e and § 1692f at the same time.  But this argument misinterprets the Eleventh Circuit's *Miljkovic* and *LeBlanc* decisions. In *Miljkovic*, the Eleventh Circuit found that when the same allegations from a § 1692e claim were used again for a § 1692f claim, the old allegations must *also* be unfair or unconscionable in addition to being abusive, deceptive, or misleading.  *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1308-09 (11th Cir. 2015).  Likewise, in *LeBlanc*, the Eleventh Circuit did not require unique allegations for a § 1692f claim but found § 1692f claims so connected to § 1692e as to dismiss one when the other failed.  *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1200 n.31 (11th Cir. 2010).

Likewise, in this case, the alleged conduct violates both § 1692e and § 1692f, because the alleged conduct is unfair and unconscionable in addition to being deceptive or misleading.  Plaintiffs allege that Defendants created a "false sense of urgency," intending to "scare and intimidate" Plaintiffs.  Further, the misrepresentations were "frightening and unnerving" and were knowingly and intentionally calculated to shock Plaintiffs into paying up.  These allegations plausibly state a claim under § 1692f, and alternative pleading may be utilized at this stage of the litigation.  See *Miljkovic*, 791 F.3d

7

at 1308 (defining unconscionable as "affronting the sense of justice, decency, or reasonableness" and unfair as "marked by injustice, partiality, or deception").

### 3. Florida Consumer Collection Protection Act (Count V)

In Count V, Plaintiffs sue under the Florida Consumer Collection Protection Act, (FCCPA), which is a state law analogue to the FDCPA. Fla. Stat. § 559.72; *Oppenheim v. I.C. Sys.*, 627 F.3d 833, 836 (11th Cir. 2010). The FCCPA provides an exhaustive list of prohibited debt collection practices. Fla. Stat. § 559.72. Plaintiffs only sue under § 559.72(9), which states that no debt collector shall "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person *knows* that the right does not exist." Fla. Stat. § 559.72(9) (emphasis added). "Section 559.72(9) of the FCCPA requires a plaintiff to demonstrate that the debt collector defendant possessed *actual knowledge* that the threatened means of enforcing the debt was unavailable." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 n. 12 (11th Cir. 2010) (citations omitted).

Plaintiffs previously sued under the FCCPA in the Second Amended Complaint. (Doc. 39). Although the Second Amended Complaint failed to specify which statute Defendants allegedly violated, Plaintiffs directed the Court to § 559.72(9) in their Opposition to the Motion to Dismiss Second Amended Complaint. The Court dismissed that count, holding that "in order to state a claim under § 559.72(9), Plaintiffs must plausibly allege that Defendants knew they could not legally accelerate the debts." (Doc. 57 at 5). As before, Plaintiffs fail to make this allegation.

The only new argument advanced by Plaintiffs here is that under federal law and the language of the contracts, Defendants could not legally refer the loans to foreclosure

8

until they were more than 120 days delinquent. (Doc. 48 at 39-40); *see* 12 C.F.R. § 1024.41(f)(1) ("A servicer shall not make the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process unless: (i) A borrower's mortgage loan obligation is more than 120 days delinquent[.]"). Plaintiffs argue that the letter implies that Defendants will refer the loan to foreclosure before the end of the 120 days. In response, Defendants argue that the letter, read as a whole, shows that they will not initiate foreclosure proceedings "until allowed by applicable law," and thus does not threaten illegal action. The Court agrees.

The Eleventh Circuit addressed this very issue within the context of 15 U.S.C. § 1692e(5) in *Moore v. Seterus, Inc.*, 711 F. App'x 575, 580 (11th Cir. 2017). In *Moore*, as in this case, the debt collection letter threatened the possibility of foreclosure if the debtors failed to cure their default by the expiration date. *Id.* In the same paragraph, the collection letter in *Moore* stated that "foreclosure proceedings w[ould] not be commenced unless and until allowed by applicable law." *Moore*, 711 F. App'x at 578. The Eleventh Circuit held that the least sophisticated consumer would read these two statements in conjunction and realize that "foreclosure proceedings would not begin contrary to the contract's terms." *Id.* at 580. Thus, to the least sophisticated consumer, the language did not threaten action that Defendants could not legally take.

Given the "close parallel" between Fla. Stat. § 559.72(9), the reasoning of *Moore* holds here. *See Elmore v. Ne. Fla. Credit Bureau, Inc.*, No. 3:10-CV-573-J-37JBT, 2011 WL 4480419, at *5 (M.D. Fla. Sept. 27, 2011). The language of the Florida Final Letters, nearly identical to that in *Moore*, does not threaten to foreclose before legally permissible,

and thus does not "assert the existence of some other legal right [which] does not exist." Fla. Stat. § 559.72(9).

Plaintiffs have already had a chance to amend and still do not plausibly state a claim under § 559.72(9). Consequently, Count V is dismissed with prejudice.

### 4. Barilla and McDonald's Pleading Sufficiency and Standing

Finally, Defendants argue that the Third Amended Complaint should be dismissed with respect to Barilla and McDonald because Barilla and McDonald have failed to meet certain pleading and jurisdictional standards.

#### a. Pleading Sufficiency

First, Defendants argue that the Third Amended Complaint does not comply with Fed. R. Civ. P. 8 because Plaintiff Barilla does not attach a copy of the letter she received, and Plaintiff McDonald only attaches a partial copy of his letter. In support, Defendants point to a similar case from the District of New Jersey, *Fordham v. Seterus, Inc.*, No. 3:18-cv-13808-BRM-LHG, 2019 WL 3451738 (D. N.J. July 31, 2019). (Doc. 49 at 24). However, the Court finds that Plaintiffs have met the Rule 8 pleading standards. Although pleadings under Rule 8 require some degree of specificity, the alleged facts need only raise a plausible claim for relief. *See Iqbal*, 556 U.S. at 678. Further, unlike Rule 9, Rule 8 does not require pleading with particularity. Thus, although Plaintiffs will need to support their claim with specific evidence at later stages of the case, plausible allegations are enough here. *Twombly*, 550 U.S. at 563.

Moreover, the Court need not speculate as to the contents of the letters to "determine whether the letters violate the FDCPA" or FCCPA. Plaintiffs provide Kerr's letter in full, allege that the other letters contain the same language, and allege that Kerr's

letter is "substantially the same . . . as the letters that are sent to all borrowers in Florida who became more than 45 days delinquent[.]" (Doc. 48 at 48). Accepting these allegations as true, Plaintiffs plausibly state a claim and survive Rule 8 scrutiny. *See Chandler*, 695 F.3d at 1198-99.

### b. Standing

Second, Defendants argue that the failure to attach full copies of the letters is fatal to Article III standing because the Court is forced to speculate as to the contents of the letters, failing the injury in fact requirement. *See Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016). The Court disagrees. Plaintiffs have provided the language of the letter they all allegedly received, attached at least one full representative example, and alleged that they were injured by the misrepresentations in the letter. Accepting each of these allegations as true, the Court need not resort to speculation; Plaintiffs' plausible allegations of fair debt violations satisfy the injury in fact requirements for standing. *See Meyer v. Fay Servicing, LLC*, 385 F. Supp. 3d 1235, 1241 (M.D. Fla. 2019) (discussing requirements and statutory basis for standing under the FDCPA and FCCPA); *Belcher v. Ocwen Loan Servicing, LLC*, No. 8:16-cv-690-T-23AEP, 2018 WL 1701963, at *4 (M.D. Fla. Mar. 9, 2018) (holding plaintiff had standing when he alleged a violation of his rights under the FCCPA and indicated he likely suffered injury as a direct result of the debt collector's actions).

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Dismiss the Third Amended Complaint (Doc. 49) is **GRANTED in part and DENIED in part**.

2. The Motion is **DENIED** with respect to Counts I-IV.

3. The Motion is **GRANTED** with respect to Count V, which is **DISMISSED with prejudice.**

4. Defendant shall file an Answer to the Third Amended Complaint by **December 18, 2019**.

**DONE** and **ORDERED** in Fort Myers, Florida this 4th day of December, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record